UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| KY CLOSEOUTS, LLC | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | Civil Action No. 1:20-CV-212-GNS |
| | ) | |
| EAGLE TRACE, INC., d/b/a | ) | |
| THE BARGAINWAREHOUSE | ) | |
| and | ) | |
| GARY BINGHAM | ) | |
|     *Defendants*. | ) | |
| _____ | ) | |

**ANSWER OF BINGHAM AND EAGLE TRACE, INC.**

The Defendants, Garry Bingham and Eagle Trace, Inc., by counsel, for their Answer state as follows:

1. Paragraphs 3, 6, and of the complaint are admitted.

2. Paragraphs 1, 7, 8, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 24, 25, 26, 27, 28, 29, 30, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 45, 46, 47, 49, 50, 51, 52, 53, 55, 56, 57, 60, 61, 62, 64, and 65 of the complaint are denied.

3. Defendant is without knowledge or belief sufficient to form a belief as to the truth of the averments contained in Paragraph 2, 4, 9, 10, and 59 of the Complaint and therefore those paragraphs are denied.

4. As to Paragraph 5 of the Complaint, that Bingham is president of Eagle Trace, Inc. is admitted. All other averments contained in the paragraph are denied.

5. As to Paragraph 17 of the Complaint, that Plaintiff wired funds to Eagle Trace, Inc. is admitted. All other averments contained in the paragraph are denied.

6. As to Paragraph 22 of the Complaint, that Defendants expected to receive gloves is

1

admitted. All other averments contained in the paragraph are denied.

7. As to Paragraph 23 of the Complaint, that Eagle Trace, Inc. agreed to act as broker to seek suppliers of gloves is admitted. All other averments contained in the paragraph are denied.

8. Paragraph 31, 39, 44, 48, 54, 58, and 63 of the Complaint, are surplusage and are therefore denied

9. As to Paragraph 32 of the Complaint, that Eagle Trace, Inc. agreed to act as broker to seek suppliers of gloves, and expected to obtain gloves is admitted. All other averments contained in the paragraph are denied.

10. All other averments contained in the complaint are denied.

### Affirmative Defenses

11. The Complaint fails to state a claim upon which relief can be granted.

12. The Plaintiff assumed the risk of supply contingencies in the brokerage agreement and in his knowledge of the market challenges of obtaining supplies during an emergency.

13. Defendant asserts the defense of accord and satisfaction in that Plaintiff has been paid for the claims made in the complaint.

Respectfully Submitted,

/s Vincent F. Heuser, Jr.
_____

Vincent F. Heuser, Jr.
Heuser Law Office
3600 Goldsmith Lane
Louisville, KY  40220
(502) 458-5879
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2021, the foregoing Answer was served upon all non-defaulting parties by [√] electronic mail via the Court's ECF system or [ ] by delivering a true copy thereof to the United States Postal Service, first class postage prepaid addressed to:

Mr. Randall S. Strause, Strause Law Gp, 804 Stone Creek Pkwy., Ste. 1, Louisville, KY 40223

/sd Vincent F. Heuser, Jr.
_____
Vincent F. Heuser, Jr.

## VERIFICATION

I have read the forgoing Answer and verify that the allegations therein are true and accurate to the best of my knowledge and belief.

/s Garry Bingham
_____
Garry Bingham