UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00212-GNS

KY CLOSEOUTS, LLC                                                                                       PLAINTIFF

v.

EAGLE TRACE, INC. d/b/a
THE BARGAIN WAREHOUSE; and
GARY BINGHAM, in his individual capacity                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Entry of Default (DN 10), Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DN 11),[1] and Defendants' Motion for Enlargement of Time (DN 14). The motions are ripe for adjudication. For the reasons stated below, Defendants' motion is **GRANTED**, and Plaintiff's motions are **DENIED**.

### I.  BACKGROUND

This action arises from a business transaction between Plaintiff KY Closeouts, LLC ("KYC") and Defendant Eagle Trace, Inc. d/b/a Bargain Warehouse ("BW") for the purchase of nitrile gloves for use by health care facilities and others during the COVID-19 pandemic. (Compl. ¶¶ 1, 11-30, DN 1). Defendant Gary Bingham ("Bingham") "serves as the principal, president, CEO and at least as the registered agent of BW." (Compl. ¶ 5).

---

[1] While this motion is styled as only requesting a temporary restraining order ("TRO"), the body of the motion requests both a TRO and a preliminary injunction.

1

As alleged in the Complaint, BW and Bingham represented that they could import and provide nitrile gloves to KYC's specifications. (Compl. ¶ 23). To date, however, BW has failed to deliver the promised gloves to KYC. (Compl. ¶ 29). On December 22, 2020, KYC filed this action against Defendants asserting claims of fraudulent misrepresentation, breach of contract, conversion, unjust enrichment, and breach of the duty of good faith and fair dealing,[2] and requesting that the Court pierce the corporate veil of BW. (Compl. ¶¶ 31-62). On January 26, 2021, KYC moved for a temporary restraining order or preliminary injunction pursuant to Fed. R. Civ. P. 65. (Pl.'s Mot. TRO & Prelim. Injunction, DN 11).

Because Defendants are non-residents of Kentucky, they were served through the Kentucky Secretary of State. (Proof Service, DN 9). After Defendants failed timely to file an answer, Plaintiff moved for entry of default judgment. (Pl.'s Mot. Default J., DN 10). Defendants subsequently filed an answer and moved for an enlargement of time to file their answer. (Defs.' Answer, DN 12; Defs.' Mot. Enlargement Time, DN 14).

## II.  JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

---

[2] While KYC purports to assert a claim for punitive damages in Count VII of the Complaint, "a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012) (citation omitted).

### III. DISCUSSION

### A. Plaintiff's Motion for Entry of Default/Defendants' Motion for Enlargement of Time

As a preliminary matter, the parties have filed dueling motions relating to the timeliness of Defendants' answer. Plaintiff contends that the Court should grant an entry of default against Defendants, while Defendants request an enlargement of time to respond and have already filed an answer.

In general, courts disfavor default judgments. *See Elliott v. Wal-Mart Inc.*, 149 F.3d 1183, 1998 WL 385911, at *1 (6th Cir. 1998); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Even when default is entered against a litigant, reversal of this decision is appropriate when the aggrieved party offers any colorable reason to do so. *See Morrow v. Dep't of Agric.*, 65 F.3d 168, 1995 WL 523336, at *3 (6th Cir. 1995). "[C]ourts have gone to considerable lengths to impose the requirement that notice be given of an application for a default judgment." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 847 (E.D. Mich. 2006) (citing Charles A. Wright et al., *Federal Practice and Procedure* § 2686); *see also In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 415-16 (E.D. Pa. 1981) ("[D]efault judgments are not looked upon favorably, particularly when significant damages may be involved." (citation omitted)).

Defendants have provided a reasonable explanation for their delay in answering the Complaint based on their difficulty in obtaining counsel, and this dispute involves a significant amount of money. Accordingly, because the law disfavors default judgements, the Court will deny KYC's motion and grant Defendants' motion. Defendants' Answer will be treated as being timely filed.

### B.     **Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff has also moved for a temporary restraining order and preliminary injunction. (Pl.'s Mot. TRO & Prelim. Injunction, DN 11). Defendants have responded in opposition to the motion. (Defs.' Resp. Pl.'s Mot. TRO & Prelim. Injunction, DN 16).

In determining whether to grant a TRO and a preliminary injunction, a court considers the same factors. *See Ne. Ohio Coal. for Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). These factors are: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the [TRO or preliminary] injunction; (3) whether issuance of the [TRO or preliminary] injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the [TRO or preliminary] injunction." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (quoting *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)). A court should make specific findings concerning each factor, "unless fewer are dispositive of the issue." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (citing *United States v. Sch. Dist. of Ferndale*, 577 F.2d 1339, 1352 (6th Cir. 1978)). The movant bears the burden of making a "clear showing" of the need for the grant of a temporary restraining order or a preliminary injunction. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Gonzales v. O Centro Espirita Beneficente Uniã do Vegetal*, 546 U.S. 418, 429 (2006) ("[T]he burdens at the preliminary injunction stage track the burdens at trial.").

#### 1.     *Likelihood of Success*

The first factor is the likelihood that KYC will prevail on the merits of its claims. *See Tenke Corp.*, 511 F.3d at 542 (citation omitted). While KYC contends that it will ultimately prevail on all of its claims, that is not clear from the record. KYC asserts five distinct claims based on

both law and equity, and is seeking to pierce the corporate veil of BW. Nevertheless, Defendants have addressed those allegations through their response to this motion.

Defendants assert that BW has not been able to perform because the gloves are coming through a supplier in Italy from a Chinese manufacturer, and BW has thus far been able to obtain the products. (Defs.' Resp. Pl.'s Mot. TRO & Prelim. Injunction 1; Bingham Aff. ¶ 4, DN 16-1). While KYC's memorandum contends that "Defendants have usurped at least $900,000 of [its] funds", the parties appear to agree that BW has returned $250,000 of $900,000 sent by KYC to BW. (Pl.'s Mem. Supp. Mot. TRO & Prelim. Injunction 12, DN 11-1; Bingham Aff. ¶ 5; Bryant Decl. ¶¶ 28, 32, DN 11-19). Defendants contend that they are still actively seeking to fulfill KYC's order, which did not have a promised delivery date. (Defs.' Resp. Pl.'s Mot. TRO & Prelim. Injunction 1-2; Bingham Aff. ¶ 5). According to Defendants, BW sent $70,000 plus $650,000 from KYC to the Italian supplier. (Bingham Aff. ¶ 4). Thus, at this stage, it is not entirely clear to what extent KYC will ultimately prevail in this action.

      2.     *Irreparable Injury*

The Court must also consider whether KYC will suffer irreparable injury absent the granting of a TRO or preliminary injunction. *See Tenke Corp.*, 511 F.3d at 542 (citation omitted). In particular, KYC contends that it will be irreparably harmed as follows:

    a)    Defendants continued distribution, supply, sale, offer-for-sale, and marketing of the PPE acquired purchased, and shipped with KYC funds deprives a local Kentucky hospital of essential, hard to come by, and high demand nitrile gloves, also known as personal protective equipment;
    b)    KYC cannot secure the high-in-demand PPE for its hospital customer after Defendants have usurped at least $900,000 of Plaintiff's funds;
    c)    Unfair and deceptive trade practices by sale of PPE secured with KYC's funds to direct competitor or third parties in direct contravention to the agreement with KYC;
    d)    Loss of client, goodwill, business reputation and confidence of clients; and
    e)    Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

(Pl.'s Mem. Supp. Mot. TRO & Prelim. Injunction 12).

As the Sixth Circuit has noted, "a plaintiff's harm is not irreparable if it is fully compensable by money damages. However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) (citing *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)). In addition, "[t]he loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute." *Id.* at 512 (citing *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991)).

At present, the record does not support KYC's characterization that it will suffer irreparable in the absence of the relief it seeks. The nitrile gloves ordered from BW appear to be goods that could be obtained from other suppliers and manufacturers. Because KYC has the burden of proof and persuasion to support its motion, KYC's naked assertions and conclusory allegations about any difficulty in calculating its damages are insufficient to show irreparable harm. Thus, this factor does not support the issuance of a temporary restraining order or a preliminary injunction.

### 3. *Substantial Harm to Others*

The third factor is whether others will be substantially harmed by granting the TRO or preliminary injunction. *See Tenke Corp.*, 511 F.3d at 542 (citation omitted). While KYC's customers would have presumably purchased and used nitrile gloves if KYC had been able to obtain the gloves through BW, those third parties would not benefit from the grant of a TRO or preliminary injunction because KYC would still not have the gloves to sell to the third parties. Accordingly, this factor does not support KYC's motion.

**4.** *Public Interest*

The final factor is whether the public interest would be served by granting the TRO or preliminary injunction. *See Tenke Corp.*, 511 F.3d at 542 (citation omitted). There are no important public policies implicated here. Notwithstanding the existence of the global COVID-19 pandemic, this case involves a business transaction where performance was not completed, resulting in numerous claims relating to that transaction. Thus, this factor does not support the issuance of a temporary restraining order or a preliminary injunction.

For these reasons, KYC has failed to meet its burden. Accordingly, the Court will deny KYC's request for the issuance of a temporary restraining order or preliminary injunction under Fed. R. Civ. P. 65.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Entry of Default (DN 10), and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DN 11) are **DENIED**.

2. Defendants' Motion for Enlargement of Time (DN 14) is **GRANTED**.

Greg N. Stivers, Chief Judge
United States District Court

March 23, 2021

cc: counsel of record