UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00212-GNS-HBB

KY CLOSEOUTS, LLC                                                                PLAINTIFF

VS.

EAGLE TRACE, INC, d/b/a
THE BARGAIN WAREHOUSE
and
GARY BINGHAM                                                               DEFENDANTS

## MEMORANDUM OPINION
## AND ORDER

Before the Court is the motion of Defendants Eagle Trace, Inc. and Gary Bingham (collectively "Bingham") for an extension of time in which to serve responses to Plaintiff KY Closeouts, LLC's ("KYC") interrogatories and requests for production of documents (DN 27). KYC has filed a Response in opposition (DN 29). Bingham has not replied.

## NATURE OF THE CASE

KYC contends that Bingham fraudulently induced it to wire $900,000 for the purchase of medical gloves (DN 25, p. 1). As Bingham allegedly failed to deliver the ordered gloves, KYC was unable to provide gloves in satisfaction of orders it held from customers (Id.). As a result, KYC allegedly suffered "irreparable consequences" and ceased business relationships with its prior customers (Id.). Bingham claims the problem lies with the supplier in Italy (Id. at p. 2). He asserts that he made no delivery date promise, has returned $250,000 of the funds to KYC, was not "acting willfully or deliberately against [KYC]'s interests[,]" and "is actively working to recover[] either the gloves or the proceeds" (Id.).

## BINGHAM'S MOTION

KYC served interrogatories and requests for production of documents on Bingham on August 18, 2021 (DN 27, p. 1).  Bingham recounts that he has been attempting to locate responsive documents and information but is also engaged in the ongoing business operations (Id.).  While he has located approximately 200 responsive documents, he states he has been attempting to organize the information for response (Id. at pp. 1-2).  He asks for an additional 30 days to provide the discovery responses, with the due date to be October 18, 2021 (Id. at p. 2).

Of note, the requested due date preceded the date upon which the motion became ripe for ruling.  The undersigned notes that Bigham filed notices of service of responses to the discovery requests on October 22, 2021 (DN 30, 31).

## KYC'S RESPONSE

KYC recounts that, once the discovery responses became overdue, KYC's counsel communicated with Bigham's counsel requesting a meet-and-confer conference in advance of KYC's motion to compel (DN 29, pp. 2-4).  KYC's counsel further represents that the parties conferred on October 5, 2021, and Bigham advised that the discovery responses would be provided by October 8, 2021, or a report of status and a production date certain (Id. at p. 4).  However, instead of providing the responses that day, Bigham instead filed the instant motion asking for an extension of time (Id.).  This, KYC argues, constitutes violations of FED. R. CIV. P. 37 and L.R. 37.1, which require certification that the parties have attempted to resolve the disagreement prior to the filing of a motion (Id.).

KYC further argues that Bingham has not acted with diligence in responding to the discovery requests and has not demonstrated good cause for extending the time (Id. at pp. 5).  Moreover, as Bingham has not filed timely responses, KYC contends that any objections he has to

the requests must be deemed waived (Id.).  Finally, KYC asks that it be granted an award of costs in responding to the motion as a sanction permitted under FED. R. CIV. P. 16 (Id. at pp. 6-8).

DISCUSSION

The discovery requests were served on August 18, 2021 (DN 27, p. 1).  A party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories."  FED. R. CIV. P. 33(b)(2).  Similarly, a party responding to a request for production must respond in writing within thirty days.  FED. R. CIV. P. 34(b)(2)(A).  Consequently, the discovery responses were due by September 17, 2021.  Bingham did not file his motion for extension of time until October 8, 2021—21 days after the responses were due.  Under FED. R. CIV. P. 6(b)(1)(B), when a motion to extend time is made after the time expired, the Court will grant the motion upon a showing of excusable neglect.[1]

> The Sixth Circuit has set forth five factors to be balanced by the district court in making a determination as to excusable neglect pursuant to Rule 6(b)(1)(B).  The five factors are as follows: "(i) the danger of prejudice to the nonmoving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; (iv) whether the delay was within the reasonable control of the moving party; and (v) whether the late-filing party acted in good faith."  Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).  In applying the five-factor balancing test, the district court is required to "tak[e] account of all relevant circumstances surrounding the party's omission."  Id. at 523 (quoting Pioneer, 507 U.S. at 395).

---

[1] KYC discusses Bingham's motion to extend time in terms of whether he has demonstrated diligence in pursuing the case and good cause for an extension.  These criteria are directed to whether a scheduling order should be amended.  FED. R. CIV. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent."  "The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements, though courts may also consider prejudice to the nonmoving party."  Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014).  Where amendment of a scheduling order is to allow additional time for discovery, the Court considers a number of factors, including (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [i.e. the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.  Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010).  Here, Bingham seeks an extension of time to respond to discovery requests, not an amendment of the scheduling order.

*La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.* No. 3:16-CV-527-CRS, 2017 U.S. Dist. LEXIS 15130, at *5-6 (W.D. Ky. Feb. 3, 2017).

Applying these factors to the instant motion, KYC argues that it will be prejudiced because allowing Bingham an extension of time to file responses to the discovery requests encroaches upon the time remaining under the scheduling order to complete discovery (DN 29, p. 6).  At this point, almost three months remain before the fact discovery deadline (*see* DN 26).  This weighs in favor of granting the motion.  As to the second factor, the length of delay is approximately 30 days and will not have a significant impact on judicial proceedings, which weights in favor of granting the motion.  Under the third and fourth factors, the delay was in the reasonable control of Bigham, and, other than being busy with business obligations, he has not offered any explanation for his failure to meet the production deadline.  These weigh against granting the motion.

The final factor is whether he has acted in good faith.  Here, the record is problematic for Bingham.  According to an affidavit of KYC's counsel filed in support to the Response, on September 28, 2021, KYC notified Bingham that the discovery was overdue and requested a meet-and-confer conference (DN 29-1, p. 2).  KYC sent a second notice and request on September 30 (Id.).  On that date, Bingham's counsel responded that the responses were not yet finalized and counsel would investigate their status (Id.).  On October 1, 2021, KYC demanded immediate production of the discovery responses and confirmed a meet-and-confer for October 5, 2021 (Id.).  During that conference, KYC represents that Bingham promised production by October 8, 2021 or an update of the status of production by a date certain (Id. at p. 3).  Instead, on that date, Bingham filed the present motion seeking an extension of time (Id.).  Even so, Bingham did not serve the discovery within the extension he requested.  The undersigned notes that Bingham has not availed himself of the opportunity to file a Reply, and the factual assertions by KYC stand unchallenged.

Putting aside the question of whether Bingham's motion for an extension of time constitutes a discovery motion subject to the meet-and-confer requirements of Rule 37 or L.R. 37.1, he has failed to comply with the requirement of the scheduling order that "**Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy** . . ." (DN 26, ¶ (3)) (emphasis in original).  These factors weigh against a finding of good faith.

Weighing all of these factors, the undersigned is not persuaded that Bingham has demonstrated excusable neglect for failing to provide timely responses to the discovery requests. For this reason, the motion to extend the time for serving responses to the discovery requests (DN 27) is **DENIED**.

As earlier noted, Bingham failed to schedule a joint telephonic conference prior to filing the subject motion as required by the scheduling order.  Magistrate Judge Moyer explained the reason for this standard provision in the Court's scheduling orders as follows:

> The reason for this requirement is two-fold: (1) it promotes the most efficient resolution of discovery disputes by making sure they promptly come to the attention of the magistrate judge, who is charged with resolving them and (2) it maximizes the efficient use of both the court's and the parties' resources by requiring the magistrate judge to evaluate which issues require costly and time-consuming written pleading and which can be resolved quickly by means of oral argument over the phone.  As a secondary benefit, this requirement permits the magistrate judge to determine whether the parties have complied with Local Rule 37.1 and, if not, to order them to meet in person and try to resolve any disagreements, rather than unnecessarily spend time and money briefing the issue of non-compliance.

Lite Source v. International Lighting Corp., No. 3:12-CV-689-JHM, 2013 U.S. Dist. LEXIS 170162, *5 (W.D. Ky. Dec. 3, 2013).  Rule 16(f)(1)(C) provides that the Court may sanction a party for failing to obey a scheduling or other pretrial order.  In such circumstances, the Court is directed

to impose an award of attorney's fees incurred because of noncompliance, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust.   FED. R. CIV. P. 16(f)(2).   Bingham has not filed a Reply demonstrating that his noncompliance was substantially justified or other circumstances make an award of expenses unjust.   For this reason, KYC is directed to file a statement supported by affidavit of its reasonable attorney's fees and costs directly related to the filing of the Response.   If the undersigned is satisfied that the claim is reasonable I will make a recommendation to the District Judge that an award in favor of KYC is appropriate.

<u>CONCLUSION</u>

**WHEREFORE,** the motion of Defendants Eagle Trace, Inc. and Gary Bingham for an extension of time to provide responses to written discovery requests (DN 27) is **DENIED.**

**IT IS FURTHERED ORDERED** that Plaintiff is **DIRECTED** to file a statement of expenses and costs as set forth above.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

November 3, 2021

Copies:        Counsel of Record

6